```
                            UNITED STATES DISTRICT COURT
                            SOUTHERN DISTRICT OF FLORIDA

                            CASE NO. 10-61280-CIV-UNGARO
                            MAGISTRATE P. A. WHITE

JACK EDWARD FORER,              :

        Plaintiff,              :

v.                              :      SUPPLEMENTAL REPORT OF
                                         MAGISTRATE JUDGE
AL LAMBERTI, et al,             :

        Defendants.             :
_____
```

I. Introduction

The pro-se plaintiff, Jack Edward Forer filed a civil rights complaint pursuant to 42 U.S.C. §1983, while confined in the Broward County Jail. (DE#1) and amended complaint (DE#8). The plaintiff is proceeding in forma pauperis.

A Report was entered on August 25, 2010, recommending dismissal of the complaint and amended complaint for failure to state a claim. The Report was adopted on October 3, 2010.

This Cause is before the Court upon an Order of referral of the plaintiff's second amended complaint (DE#13), entered by United States District Judge Ursula Ungaro on November 8, 2010.

   A. History of the case

The plaintiff filed the initial complaint while a federal prisoner housed in the Broward County Jail. He included in the initial complaint a laundry list of deficiencies in the Broward County Jail, ie., denial of access to the law library, unmonitored legal calls to federal inmates, and lack of access to prepaid books

and legal materials, etc. He sought a transfer back to the Federal Detention Center in Miami, and other injunctive relief.

He then filed an amended complaint (DE#8) on August 12, 2010, claiming that his civil rights were being violated by being held in a county facility while a federal prisoner. He re-alleged that the Broward County Jail fails to provide access to an adequate law library, and other items available to him at the Federal Detention Center. He sought a transfer back to the Federal Detention Center in Miami and added monetary damages.

It was recommended that the complaint and amended complaint be dismissed as the plaintiff had failed to demonstrate that he was denied access to the Courts pursuant to the parameters of <u>Bounds, Correction Commissioner v Smith</u>, 430 U.S. 817 (1977); <u>Straub v. Monge</u>, 815 F.2d 1467 (11 Cir. 1987); <u>Wainwright v. Davenport</u>, 697 F.2d 992 (11 Cir. 1993. The Report was adopted.

  B. <u>Second Amended Complaint</u> (DE#13)

On November 1, 2010, the plaintiff failed a second amended complaint (DE#13). In this complaint the plaintiff again alleges denial of access to the Courts, resulting from the poor law library facilities available at the Broward County Jail. He seeks solely injunctive relief in the form of a Court Order requiring the Broward County Jail to provide an adequate law library.

Review of the Court's docket indicates that the plaintiff filed a change of address on November 23, 2010, and is no longer confined in the Broward County Jail, but has been transferred to the Miami Federal Detention Center (FDC). Research at the Bureau of Prisons website confirms that the plaintiff remains at FDC.

Therefore, his claims for injunctive relief concerning the Broward County Jail's lack of library facilities are now moot. <u>Spears v Thigpen</u>, 846 F.2d 1327 (11 Cir. 1988).(The release or transfer of an inmate moots his claims for injunctive relief).

## II.   <u>Conclusion</u>

It is therefore recommended that the Second Amended Complaint be dismissed as moot (DE#13), and this case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 20th day of January, 2011.

_____
UNITED STATES MAGISTRATE JUDGE


cc:   Jack Forer, <u>Pro Se</u>
      Reg#46554-004
      Miami Federal Detention Center
      Address of record